Hilario MARQUEZ, Plaintiff,

v.

HOME DEPOT USA, INC., Defendant.

No. Civ.A. 00–30122–MAP.

United States District Court,
D. Massachusetts.

Aug. 10, 2001.

Thomas M. Libbos, Springfield, MA, for Hilario Marquez, plaintiff.

A. Silvia Pincov, Campbell, Campbell & Edwards, Boston, MA, Michael J. Mascola, Campbell, Campbell Edwards & Conroy, Professional Corporation, Boston, MA, James M. Campbell, Campbell, Campbell, Edwards & Conroy, Professional Corporation, Boston, MA, for Home Depot USA, Inc., defendant.

*MEMORANDUM REGARDING DE-FENDANT'S MOTION FOR SUM-MARY JUDGMENT* (Docket No. 14)

PONSOR, District Judge.

## I. INTRODUCTION

Plaintiff Hilario Marquez has sued Home Depot, a home improvement store, seeking damages for injuries suffered when defective twine that defendant gave plaintiff broke as he was tying merchandise to his car. Defendant has moved for summary judgment on the grounds that it had no duty to protect plaintiff from the sort of accident that occurred here, and that there is insufficient evidence to suggest that it breached any duty of reasonable care.

With some reluctance, the court will deny defendant's motion for summary judgment. While the facts suggesting negligence may be weak, defendant did owe a duty of reasonable care to plaintiff, and a rational jury could find that it breached that duty.

## II. BACKGROUND

The following facts are taken from the record as developed at summary judgment. They are retold, of course, in the light most favorable to the plaintiff. *See* Fed.R.Civ.P. 56.

On June 1, 1997, plaintiff Hilario Marquez went to Home Depot in West Springfield, Massachusetts with his daughter, Rosanna Oliver and his son-in-law, Francisco Oliver. They purchased five doors and some other supplies, and brought the doors outside to lash them to plaintiff's truck. Rosanna Oliver then asked a Home Depot employee for something with which to tie down the load. The employee offered her a length of "hemp" style twine. From past experience there, Ms. Oliver knew that Home Depot usually supplied a stronger nylon twine to its customers free of charge, so she asked for it, explaining that her family had a heavy load. The employee said that the store had run out of the nylon twine. Ms. Oliver took the hemp twine, returned to the vehicle and gave it to plaintiff.

Plaintiff threaded the twine around the doors, which had been laid on the roof, and through a ring on the bottom of the truck. He then squatted and pulled on the twine to tighten the load. As he pulled, the twine snapped, causing him to fall backward to the ground from a squatting position. The fall caused a tear in plaintiff's rotator cuff.

For approximately ten years prior to the accident, Home Depot had routinely provided its customers with twine for tying loads to cars. In general, the store handed out a brand of nylon twine known as Polypro Q550. It was not Home Depot's usual practice to hand out hemp-style twine. *See* Docket No. 18, Pl.Ex. 2 (Dep. of Ronald Szafir) at 25–26.

Plaintiff filed his one-count complaint of negligence in Springfield District Court.

Defendant removed the case here and has moved for summary judgment.

## III. DISCUSSION

### A. Summary Judgment Standard.

A court may allow a motion for summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Goldman v. First Nat'l Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993). Initially, the moving party must aver that the nonmoving party lacks evidence to support its claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 48 (1st Cir.1990). In order to avoid summary judgment, the nonmoving party carries the burden of establishing a genuine issue of material fact as to every element of its case. *See Mesnick v. General Elec. Co.,* 950 F.2d 816, 825 (1st Cir. 1991). A genuine issue of material fact is a factual issue that reasonably could be resolved in favor of the nonmoving party and "which might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In determining whether a genuine issue exists for trial, the court does not weigh evidence and come to conclusions. *See id.* at 249, 106 S.Ct. 2505. Rather, it must view facts, and inferences from facts, in the light most favorable to the plaintiff, indulging all reasonable inferences in his favor. *See Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349, 352 (1st Cir.1992).

### B. Negligence and Defendant's Duty of Care.

■■■ In a negligence case, the plaintiff must prove that defendant breached a duty of reasonable care, causing plaintiff harm. "Before liability for negligence can be imposed, there must first be a legal duty owed by the defendant to the plaintiff, and a breach of that duty proximately resulting in the injury." *Davis v. Westwood Group,* 420 Mass. 739, 742–743, 652 N.E.2d 567 (1995). For purposes of this motion, the court must determine whether there is a genuine issue of material fact as to each element of the negligence claim: duty, breach, causation and harm.

■■■ Defendant's primary line of attack is the argument that it had no duty to protect plaintiff from this accident. Whether defendant had a duty of care to the plaintiff under the circumstances "is a question of law for the court, to be determined by reference to existing social values and customs and appropriate social policy." *O'Sullivan v. Shaw,* 431 Mass. 201, 203, 726 N.E.2d 951 (2000). Defendant asserts that the danger of the twine snapping when pulled by a man of plaintiff's size was open and obvious,[1] and stores have no duty to warn customers of open and obvious dangers that are not unreasonable. *See Young v. Atlantic Richfield Co.,* 400 Mass. 837, 842, 512 N.E.2d 272 (1987).

Defendant points to deposition testimony in which plaintiff (in response to a leading question and through an interpreter) admits that he pulled on the twine "with all [his] weight," while squatting about 15 inches from the ground. Docket No. 15, Def.Ex. B (Marquez Dep.) at 28. Any reasonable man of plaintiff's size, defendant argues, would know that pulling on a piece of twine with all of his weight

---

**1.** At the time of the accident, plaintiff weighed about 240 pounds.

would cause the twine to snap, resulting in a fall. According to defendant, this admission also establishes as a matter of law that plaintiff was more at fault for his injuries than defendant.

Plaintiff replies that his case rests on a different definition of defendant's duty of reasonable care. He argues that when Home Depot gave him the twine, it voluntarily assumed a duty—that of helping him lash his merchandise to the truck—but failed to perform it in a reasonably safe manner. It is settled in this Commonwealth that "a duty voluntarily assumed must be performed with due care." *Mullins v. Pine Manor College*, 389 Mass. 47, 52, 449 N.E.2d 331 (1983).

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking.

*Id.* at 53, 449 N.E.2d 331, *quoting* RESTATEMENT (SECOND) OF TORTS § 323 (1965).

Plaintiff's theory is that the hemp twine provided in lieu of the usual nylon twine was not reasonably safe to do the job of securing heavy materials to cars. Handing Ms. Oliver the weaker twine, plaintiff says, increased the risk not only that the load would come off the roof while on the highway, but that someone tightening the load would break the twine and injure himself.

Plaintiff points to an analogous case, *Brady v. Great Atl. & Pac. Tea Co.*, 336 Mass. 386, 145 N.E.2d 828 (1957), where a supermarket violated its duty of care by providing a shopping cart with a defective baby seat. *Id.* at 388, 145 N.E.2d 828. In that case, a mother put her baby in a baby seat and tightened its strap around the child's stomach. While she was looking away, the child fell out of the seat and was injured. After the fall, the child's mother noticed that the strap was frayed at one end and had broken away from the side of the seat. The court held that the act of providing the seat was properly found to be negligent—indeed, the jury could consider it a case of *res ipsa loquitur*, where the circumstances of the accident themselves established defendant's negligence. *See Brady*, 336 Mass. at 389–91, 145 N.E.2d 828.

Although this case emphatically is not one of *res ipsa loquitur*, *Brady* supports plaintiff's argument that defendant had a duty of care to protect plaintiff from this accident. Once defendant offered to help customers tie down merchandise to their cars, it was required to do so in a reasonably safe manner. *See Mullins*, 389 Mass. at 52, 449 N.E.2d 331.

Like the strap in the *Brady* case, the twine defendant provided to plaintiff had to be reasonably safe to do its job—here, tying down heavy doors to vehicles. It seems obvious that if, for example, the Home Depot employee had tied down the doors to plaintiff's truck and the twine had snapped in traffic, causing the doors to slide off and damage plaintiff's (or another's) car, defendant could not evade its duty of care. The nature of plaintiff's injury here, viewing the facts in the light most favorable to him, is just another consequence of that sort of breach of duty.[2]

It could be argued that even if the twine were inadequate for tying doors to a car roof, the danger of pulling on the twine

---

2. Defendant, it should be noted, does not argue that the accident was unforeseeable.

with all one's weight was open and obvious, and therefore liability for failure to warn should be precluded. However, this argument suffers from two flaws. First, plaintiff does not rely solely on a failure-to-warn theory; the heart of his case is a straightforward claim of failure to use reasonable care by giving him a tool inadequate to do its job as a substitute for the usual nylon twine.

Second, the issue of whether plaintiff indeed pulled on the twine with all his weight is a disputed issue of fact—not undisputed, as defendant asserts. For one, Rosanna Oliver stated that plaintiff was not pulling on the twine with all his weight, and that it "really didn't take that much weight for the rope to snap." *See* Docket No. 18, Pl.Ex. 1 (Oliver Dep.) at 17. Additionally, the relevant "admission" by plaintiff is less than convincing:

> Q. And were you pulling with all of your weight on the rope at the time that you were stooping?
>
> A. Well, yes, I was pulling so I could secure the doors and everything.

Docket No. 15, Def.Ex. B (Marquez Dep.) at 28. Plaintiff's qualified response to this question is hardly decisive of the issue, considering that it was made through an interpreter. Thus, there is a disputed issue of fact as to how the accident occurred, which goes to the issue of whether the twine itself was adequate for the job, and therefore whether defendant was negligent.

C. *Breach of Duty and Comparative Negligence.*

■ Defendant also argues that plaintiff has assembled no evidence showing that defendant breached a duty of reasonable care. According to defendant, the only evidence plaintiff has in the way of breach is the very fact of his injuries, which alone is not enough.

■ Plaintiff has the stronger argument here. Although the existence of a duty is a question of law, *see O'Sullivan*, 431 Mass. at 203, 726 N.E.2d 951, usually "the question of negligence is one of fact for the jury. Only when no rational view of the evidence warrants a finding that the defendant was negligent may the issue be taken from the jury." *Irwin v. Town of Ware*, 392 Mass. 745, 764, 467 N.E.2d 1292 (1984) (internal quotations and citations omitted). Viewing the facts in the light most favorable to plaintiff, there is enough evidence here for a rational finder of fact to conclude that Home Depot breached its duty of reasonable care in providing such weak twine to plaintiff, after ten years of having provided adequate twine to do the job.

■ Finally, it is not clear at this stage that plaintiff is more at fault for his injury than defendant. *See* Mass.Gen.Laws ch. 231 § 85 (precluding recovery where plaintiff is more the cause of injuries than defendant). The question of comparative negligence, like that of breach of duty, is primarily for the factfinder. *See Everett v. Bucky Warren, Inc.*, 376 Mass. 280, 289–290, 380 N.E.2d 653 (1978); *Vanalstyne v. Whalen*, 15 Mass.App.Ct. 340, 344, 445 N.E.2d 1073 (1983). To be sure, a jury may decide that plaintiff was more than 50% responsible. But at summary judgment, where the court must indulge every inference in plaintiff's favor, such a conclusion would be inappropriate.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment is hereby DENIED. The clerk will set the case down for a final pre-trial conference.

A separate order will issue.

## ORDER

For the reasons stated in the accompanying Memorandum, defendant's Motion

for Summary Judgment is hereby DE-NIED. The clerk will set the case for a final pre-trial conference.

It is So Ordered.